Wyly, J.
The plaintiff sued to annul a contract of sale for fraud, and to recover $3300, the price paid by him.
Instead of praying for the citation of Frangois J. Robert, the ven *490 dor, as appears by tlie contract made part of the petition, he prayed that Joseph N. Robert be cited.
The citation addressed to Joseph N. Robert was served on Frangois J. Robert, who was the party intended to be proceeded against. Prangois J. Robert appeared and filed the following exception :
“Fifth District Court, parish of Orleans. Pelix Formento v. Frangois J. Robert. The exception of the defendant in this suit respectfully shows: That even supposing all the facts and allegations of plaintiff’s petition to be true, the contrary of which he reserves to himself the right of proving in due time, should it become necessary, it is apparent that plaintiff has no cause of action, inasmuch as he does not and can not justly contend that he has been disturbed in the possession of the property bought of this defendant.”
Subsequently he filed the following answer:
“Pelix Formento v. P. J. Robert. The defendant in this suit comes into court by his undersigned counsel, and reserving to himself the benefit of his exception, and all other legal exceptions, for answer to plaintiff’s petition, says:
“First — -That he denies all the allegations in said petition contained, and not herein admitted.
“ Second — He denies that plaintiff has set forth any legal or sufficient cause for the rescinding of the sale made to him by the respondent, and that he has any right of action against him. Wherefore he prays that plaintiff’s petition be dismissed, and for general relief.”
At the trial Prangois J. Robert appeared by counsel, adduced testimony in his own behalf, cross-examined plaintiff’s witnesses, took a bill of exceptions, argued and submitted the case to the court. The court gave judgment for plaintiff, after stating the title of the suit correctly, but in the decree, evidently by mistake, condemned Joseph N. Robert instead of Prangois J. Robert. Joseph N. Robert was not before the court and had not gone into the trial.
Prangois J. Robert took a rule for a new trial on grounds appertaining to the defense set up by him, suggesting no mistake in the name of the defendant mentioned in the decree. He appeared by counsel at the trial of the rule, which was discharged.
He then filed a petition for an appeal, beginning in these words :
“Pelix Formento v. P. J. Robert. The petition of P. J. Robert, the defendant in the above suit, respectfully represents there is error to his prej udice,” etc. And in the appeal bond, after setting out the title of the suit correctly, and after setting out the obligation of the principal and surety, there is the following clause: “ Whereas, the above bound P. J. Robert, has this day filed a petition of appeal from a final judgment rendered against him in the suit of Pelix Foi'mento, No. 3311,” etc.
*491 From the foregoing it is manifest that Francois J. Robert was the defendant in the suit, and was the party condemned by tbe court, notwithstanding the decree mentions Joseph N. Robert as the defendant. This was a mere clerical error in drawing up the decree, and can be corrected by this court in revising the judgment.. The defendant, who now raises the objection, is estopped by his judicial admissions from denying that he is the party condemned at the trial below.
Plaintiff alleges that in 1869 he bought from the defendant a house and lot on Dauphine street, as per act of sale passed before C. Y. Foulon, notary public; that in said act the said Robert falsely represented himself as the owner of said property, as the universal legatee of Polly Yassant, deceased, of whose succession he was testamentary executor, and a€ whose succession sale he became the adjudicatee of said property; that petitioner was not aware of the fact that said Robert was not the universal legatee of said Polly Yassant, and by the false and fraudulent representations of said Robert, he was induced to believe that the adjudication aforesaid was legal and binding, as in his capacity of testamentary executor the said Robert could not become the adjudicatee unless he were really universal legatee, as he represented himself in said act of sale; that said adjudication to said Robert was an absolute nullity, as he was disqualified from buying property under his own administration, he not being universal legatee; that when said Robert sold the property to petitioner, he knew the adjudication to himself was null and void; but in order to induce petitioner to make said purchase, and in order to conceal from him the defect fatal to his own title, he deliberately represented himself as the universal legatee of said Polly Yassant; that petitioner was kept in ignorance of said fraud practiced on him until about three months before bringing this suit, when he was negotiating a sale of the property, and it was discovered that he had no title because the adjudication to said Robert was void, he not being universal legatee of said Polly Vassant, as he had falsely stated. Petitioner claims $3300, the price of said property, alleging that one thousand dollars thereof were paid in cash in the presence of S. Schonfelt, but not stated in said act of sale.
The material allegations of plaintiff are established by the evidence. There is no doubt that the declaration in the act that the defendant was the universal legatee of Polly Yassant, induced the plaintiff to consent to the sale, and said assertion was false to the knowledge of the defendant, the vendor. He was not the universal legatee, and he was incapable of acquiring, by an adjudication, the property of the succession of Polly Yassant, under his administration as testamentary executor.
The contract is void for the want of consent resulting from a free *492 and deliberate exercise of the will — the consent given by plaintiff having been produced or induced by the fraud of the defendant. Revised Code, article 1819.
The false statement in the act of defendant’s capacity to acquire the property adjudicated to him at the succession sale oí Polly Yassanf, led the plaintiff into error in regard to a material part of the contract to his prejudice, and this assertion was an artifice whereby the defendant succeeded in effecting the sale to plaintiff. Revised Code, 1847.
The property really belonged to the succession of Polly Yassant, the pretended adjudication to defendant being an absolute nullity, and the transfer by the latter to plaintiff being null, because it was the sale of a thing belonging to another. Revised Code, 2452.
The defendant, however, contends under article 2560 of the Revised Code, and on the authority of McCullough v. Weaver, 14 An. 33, that plaintiff, the purchaser who has paid the price, and who has not been disturbed in his possession, can not demand a restitution of the price. That doctrine is applicable to a valid contract of sale ; it has no application to a contract void for want of consent and entered into in error produced by the fraud of the opposite party. Until a purchaser in a valid contract is evicted, he has no cause to demand the restitution of the price. But the purchaser in a fraudulent sale may demand the nullity thereof as soon as he discovers the fraud practiced on him, because no one should be bound in a contract to which his consent was not freely given, but was obtained by artifice or fraud.
The parol evidence adduced by plaintiff to prove that the price paid by him was thirty-three hundred dollars instead of twenty-three hundred dollars, as stated in the authentic act of sale, was properly excepted to by the defendant.
“The authentic act ig full proof of the agreement against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.” Revised Code, 2236.
“Neither shall parol evidence be admitted against or beyond what is contained in the acts.” * * * Revised Code, 2276.
The prescription pleaded has not acquired.
It is therefore ordered that the judgment herein be amended to read as follows: It is ordered that plaintiff, Felix Fomento recover judgment against the defendant, Frang.ois J. Robert, annulling the act of sale oí the twenty-third of March, 1869, from said Franpois J. Robert to plaintiff, passed before C. Y. Foulon, notary, and that plaintiff recover of defendant twenty-three hundred dollars, with legal interest thereon from judicial demand, plaintiff paying costs of appeal and defendant paying costs of the court below.
Rehearing refused.